JOHN DOE, on the demise of TRUSTEN P. McCOLLEY, v. RICHARD ROE, casual ejector, and ISAAC LAMPLEUGH and ELIZA J. LAMPLEUGH, late ELIZA J. MAY, his wife, and others.

A devise to a grandson of the testator, of a lot of ground with all the buildings and improvements thereunto belonging, to him and his heirs if any he should have, but if he should die without any heirs, then in

that case the lands and premises so devised to him, shall be the right and property of another grandson of his, gives an estate tail therein to the former and a remainder in fee simple therein to the latter.

Whether or not the words, "right and property," when applied to a devised estate, are sufficient *proprio vigore*, unexplained by the context or scope of the will, to pass a fee, yet, if it is clear to the court from the context and general scope of the will. that they were used by the testator with an intent to pass the fee simple, the court must so construe them.

THIS was an action of ejectment by Trusten P. McColley, the plaintiff, who had acquired by purchase all the right and title of the heirs at law of David Black deceased who was one of the heirs at law of George Black deceased, the testator hereinafter mentioned, in a lot of ground with the appurtenances, situate in Cedar Creek hundred and containing about three acres, to recover the same from the defendants, heirs at law of George May deceased, and a case stated therein with the questions of law reserved by the Superior Court in and for Sussex County, to be heard before all the Judges in this court, and which was heard before all of them.

They arose in the case under the last will and testament of the said George Black deceased, which was as follows, so far as is necessary to state the devises in it :

First, I give and bequeath to my grandson, Benjamin Black, son of Benjamin Black, deceased, one Lot of ground with all the Buildings and improvements thereunto belonging and being the same where Jesse Deputy now lives and being part on the North side of Cedar Creek road and part on the South side of said road, beginning at a stone on the North side of the Fork landing road and in a division run across my plantation in the year 1812 by James Johnson (surveyor), and from said stone with the division line about South 17° West so far as shall make straight line across said lot until it intersects with the line of my land and land formerly of Levi Oliver, deceased, supposed to contain three acres more or less, to him and his heirs, if any he should have, but if he should die without any heir, then in that case the land

and premises so devised to him shall be the right and property of my grandson George May.

Second, I give and bequeath to my daughter, Elizabeth Morris, twenty-five cents to be paid her by my Executor.

Third, I give and bequeath to my daughter, Sarah May, twenty-five cents and no more to be paid by my Executor.

Fourth, I give and bequeath to my son, David Black, all the lands I have right to, not heretofore disposed of, also my Mare, Bridle and Saddle, one bed and furniture, one still, and all my casks and cider works. But if my son David should die without leaving any lawlul heir, then, and in that case, the land so to him devised shall be the right and property of my grandson George May.

Fifth, I give and bequeath to my grand-daughter, Nancy Holedger, or e bed and furniture.

Sixth, I give and bequeath to my grand-daughter Elizabeth Black, and daughter of Atkinson Black, deceased, one bed and furniture, *one* large red chest, also one third part of all my personal Estate that has not before been disposed of.

Seventh, I give and bequeath to my two great grand children, Benjamin Adams Holedger, and Mary Elizabeth Holedger, all the residue of my personal Estate.

The questions reserved immediately involved the construction of the first item of the will, as affected or modified by the fourth and other items of it, under the facts stated, which were in effect, that the will was executed on the 5th of February, and after the death of the testator was admitted to probate on the 3rd of April 1826, and that he left to survive him three living children, of whom the said David Black, since deceased, was one, and the issue of three deceased children, of whom his said grandson, the said devisee, Benjamin Black, was one, and his said grandson, the said devisee, George May, son of his daughter, the said Sarah May, was another. That after the death of the testator, his said grandson and devisee, Benjamin Black, went into possession of the premises devised to him in the first item of the will, and after-

ward died without issue, and intestate, leaving the said George May, the said grandson of the testator and devisee in remainder, in the same item of the will, to survive him, who thereupon entered into possession of the said devised premises and afterward died intestate, leav- to survive him as his widow, and as heirs at law, the said Eliza J. Lampleugh late Eliza J. May, wife of the said Isaac Lampleugh, and the other defendants in the action. And it was also expressly stated and admitted that the said George May was a collateral heir at law of the said Benjamin Black, the first devisee named in the said item of the will. And thereupon the questions of law stated and reserved were as follows:

*First.* What estate did the said Benjamin Black, the said devisee, take under and by virtue of the said devise?

If he, the said Benjamin Black, took an estate in fee simple, the judgment is to be rendered in favor of the plaintiff.

*Second.* But if the said Benjamin Black, the said devisee, took an estate tail general under the said devise, what estate did the said grandson George May, and devisee in remainder, take under and by virtue of it?

If the said George May took but a life estate under the said devise, then judgment is to be entered for the plaintiff. If, however, he the said George May took an estate in fee simple under the said devise, then judgment is to be entered for the defendant.

It was also expressly stated and admitted, in addition to the foregoing statement of facts, that the testator left other lands, which he devised in his said will to his said son David Black, who after the death of the testator, entered into the possession of them and died leaving lawful issue and heirs of his body to survive him, who have since sold and conveyed all their right, title and estate as such heirs at law of the said David Black deceased, in and to all the lands and tenements whereof the testator died intestate, to the said Trusten P. McColly, the plaintiff in the action.

*Layton*, for the plaintiff.  The heirs at law cannot be disinherited except by express words, or necessary implication in a will.   6 *Cruise Dig.* 173, 197.  *Prec. in Chan.* 473.  *Cowp.* 99.  2 *Binn.* 19.  1 *Harr. & Johns.* 421.  6 *T. R.* 671.  And the intention of the testator is to govern in the construction of the will, if it can be gathered and ascertained from the careful examination and consideration of the whole of it.  6 *Cruise Dig.* 171, 172.  *Harrison v. Nixon*, 9 *Pet.* 483. But if a devise be uncertain, or there is any reasonable doubt as to its meaning, the title of the heirs at law must be preferred, and must prevail in the decision of the question as to the construction of it.  6 *Cruise Dig.* 197. 1 *Pow. on Dev.* 348. *Cowp.* 235.  6 *T. R.* 671. A devise to a man and his heirs, gives an estate in fee simple and in consequence of this principle, there can be no estate in remainder limited upon or after on estate in fee simple.  As, for instance, where there is a devise to a person and his heirs, and if he dies without heirs, remainder to another, the remainder is void, and the first devisee takes the land in fee simple absolutely discharged and relieved of the remainder  6 *Cruise Dig.* 296. *Fearne* 179. 2 *Pr. Wms.* 369. The devise over was inconsistent with the first devise and was therefore void in law.   But admitting for the sake of argument, that the first devisee in this case, the present Benjamin Black, did not take an estate in fee under the devise in question, but only an estate tail general in the premises, what estate did George May take in the remainder given to him in the devise, if Benjamin Black, the first devisee, should die without any heir?   He took but an estate for the term of his natural life merely, for the want of any appropriate words of limitation in the devise over to him, to give him any larger or greater estate under it. After just before devising the lot and premises in question in the preceding clause of the same item of his will in technical terms to his grandson, Benjamin Black, "to him and his heirs, if any he should have, but if he should die without any heir," then and in that case, the land and premises so devised to him, "shall be the right and prop-

erty of my grandson, George May, and following in the same sentence and almost immediately after the technical and peculiarly appropriate words to convey a fee simple title either by will or deed just before quoted, if it was the design and intention of the testator to give an estate in fee simple to the latter as well as to the former, in case the former should die without any heir, why should he not also have added to the devise to the latter, the same words, "to be the right and property of my grandson, George May and his heirs?" The terms used, the words "to be the right and property of," have no peculiar import, effect, or signification, and are not sufficient in a devise of real estate to confer a fee simple title, or any larger estate therein than for the term of the devisee's life. 1 *Jarm. on Wills* 571, 574, 137, 138. *Cro. Car.* 447. 2 *Ld. Ray.* 1326. *Gilb. Eq. Cases.* 30. 7 *Taunt.* 79. 2 *Atk.* 102. 2 *Bos. & Pul.* 214. 2 *Jarm. on Wills* 187. 3 *Chan. Rep.* 87. 11 *East.* 220. There is no term used in the devise over to his grandson, George May, equivalent to the comprehensive word " estate " in its general legal import in a devise.

*Wright,* for the defendant. The first limitation in the devise which is to the grandson, Benjamin Black, is an estate tail, and the limitation over on his death without any heirs of his body, for that is what it evidently means when we take into view all the provisions of the will, to his grandson, George May, is an estate in fee. *Fearne on Rem.* 465, 467. 6 *Cruise* 277. *Ide v. Ide*, 5 *Mass.* 501. No technical words are necessary in a will to create, or confer an estate in fee simple. " All my right and title" and " all my real property," have been held sufficient in a will to include and give the fee in the land devised. *Ram. on Wills*, 8 *Law Libr.* 25 *Cordry v. Adams & wife*,1 *Harr.* 439. 2 *Bouv. Law Dic.* 394. 2 *Jarm. on Wills* 190. 4 *Kent's Com.* 535. 18 *Ves. Jr.* 193. 16 *East* 221. 17 *John.* 281. 6 *Binn.* 94. 4 *Pet.* 511. 6 *Barn. & Cres.* 512. And he took it by way of remainder, and not by executory devise, because it was evident from the other provisions of the will and from

the fact that his grandson, George May, was a cousin, and consequently, a collateral heir at law to his grandson, Benjamin Black, that it was the intention of the testator to provide for the indefinite failure of the heirs of his body, and not of his heirs entirely, and that the devisee over should take the premises and all the right and property which could then be held or owned in them, which would constitute a remainder over in fee simple to George May expectant on the determination of the estate tail in the first devisee, Benjaman Black. *Ide v. Ide*, 5 *Mass.* 501. The testator mentions all his children and grandchildren in his will, and it is manifest from the various provisions of it, that he intended to make a final disposition of all his property and all his estate in it, by virtue of the several bequests and devises as contained and expressed by him in it. If the devise over to George May is not in fee, but only a life estate, upon his death, his daughter, Sarah May, and mother of George May, would have been from the time of the testator's death, an heir at law of the intestate residue of his estate in the premises, contrary to the express bequest of the the small legacy and no more of his property to her, and the ruling of the court in the case before cited, of *Cordry v. Adams & Wife* 1 *Harr.* 441. But there is no residuary devise of real estate, and can be none under the will, for it cannot be so considered under the devise in the fourth item of it, in which he says "I give and bequeath to my son David Black, all the lands I have right to, not heretofore disposed of," under the will, of course, he means, to his grandsons, Benjamin Black and George May in the first item of it; and where there is no residuary devise of the testator's real estate in the will, a general devise without words of limitation, will be enlarged to a fee to carry out the evident intention of the testator. *Doe d. Harrington v. Dill*, 1 *Houst.* 410. The grandson, George May, was furthermore, manifestly the third special object of the testator bounty, and the first after the death of his son, David, and his grandson, Benjamin Black, with-

out heirs of their bodies and their name, for they were the only devisees who bore his name, and because in that event, all his lands, those devised to his son, David Black, in the fourth item, as well as the land devised to his grandson, Benjamin Black, in the first item, are devised over to him in the same identical language, that is to say, all shall be in that case, "the right and property of my grandson, George May." And those words clearly refer according to his intendment, understanding and application of them, to his interest and estate in them, and not simply to the corpus of the property, and will be so considered and construed by the court. 1 *Houst.* 410. But if he did not take an estate in fee under it, he must have taken by executory devise under it, and that is a construction which a court will never give to a devise when it can be construed to be good by way of remainder. *Ide v. Ide,* 5 *Mass.* 501. *Fearne on Rem.* 386, 393.

*Layton replied.*

*Bates, Chancellor, announced the opinion of the court.* Upon this case stated there are reserved two questions touching the construction of a devise in the will of George Black, deceased, expressed thus:

"First, I give and bequeath to my grandson Benjamin Black, son of Benjamin Black deceased, one lot of ground, with all the buildings and improvements thereunto belonging &c. (describing it), supposed to contain three acres, more or less; to him and his heirs if any he should have, but if he die without any heir, then and in that case the land and premises so devised to him shall be the right and property of my grandson George May."

The first question reserved is, what estate did Benjamin Black take? whether a fee simple, or an estate tail?

This question ought not to have been discussed. It is governed by a rule settled as far back as the reports of *Croke James,* and never doubted. The term "heirs," though appropriate to pass the fee simple, may be quali-

fied by any subsequent words which shew the intention of the testator to give only an estate tail. *Cruises' Dig. Tit.* 38. *Ch.* 12. *sec.* 7 :—and such is the effect where after a devise to one and his heirs there is a limitation over upon his death without heirs, to a person who would be a collateral heir to the first devisee. As the collateral heir is to take after the extinction of the heirs of the first devisee, it is clear that by the latter, the testator meant a class of heirs exclusive of the devisee over, which must be heirs of the body. This manifest intention the law gives effect to, and this is done the more readily because this construction saves the devise over, which as a limitation after a fee simple, and to take effect upon a general failure of heirs or issue, would be void, but is good as a remainder after an estate tail. This rule has been applied in cases stronger than the present one ; as where the first devise was to one and his heirs forever. *Tyte v. Willis Cases temp. Talb.* 1. *Doe v. Black* 1 *E. C. L. R.* 460, or to one and his right and lawful heirs and assigns. *Morgan v. Griffeths, Cowp.* 234. *Fearne on Rem.* 350 *Cruises' Dig. Tit.* 38. *Ch.* 12. *sec.* 20. If Benjamin Black's dying without any heir, could be restrained to dying without issue living at his death, then and then only, might the first devise stand as a fee simple determinable on his death without issue surviving, with an executory devise over to George May. But this construction is inadmissible under the rule which requires express words to restrain the words " dying without issue or heirs" to the death of the first devisee. We were pressed in the argument to hold that the limitation over is void and not to be at all considered in the construction of the first devise, because it is repugnant to the nature of the estate first devised, that being a fee simple. But this begs the very question to be decided, which is whether the first devisee, Benjamin Black, does take the fee simple.

The Court is of opinion, in answer to the first question reserved, that Benjamin Black under this devise takes an estate tail.

The second question is, whether the remainder limited to George May after the devise in tail to Benjamin Black, is a fee simple, or an estate for life ? This turns upon the construction of the testator's direction that upon the death of Benjamin Black without any heir, the lot should be the right and property of his grandson, George May. We do not find it necessary to decide the general question whether such words as "right and property " when applied to a devised estate, are sufficient *proprio vigore*, unexplained by the context or the scope of the will, to pass a fee. For even supposing these words when standing alone, must be held to be ambiguous, as applicable either to an estate in fee, or an estate for life, still it is apparent to the Court on the face of this will that the testator used them in the sense of absolute ownership and with the intention to give the fee simple; and it is our duty to construe the words in the sense in which the testator used them.

The whole frame of this will manifests a definite purpose on the part of the testator, to dispose of his entire estate, and that his family should take under his will, and not otherwise, all the provision to come to them from his estate. He first devises specifically the lot in controversy to his grandson, Benjamin Black in tail, with remainder to May. Considering so much of his real estate as disposed of, he devises what remains of it to his son, David Black in tail, with remainder in the same words to his grandson, George May. Of his personal estate, he divides his household furniture between two grand-daughters, Nancy Holleger and Elizabeth Black. To his two daughters, Elizabeth and Sarah each, he gives a nominal legacy, clearly intended to be all they should receive from his estate, so expressed to be in the bequest to one of them. The residue of the personal estate he bequeaths to two grandchildren, Benjamin A. Holleger and Mary E. Holleger. He left no other descendants, and no widow. Here is evident pains on the part of the testator to embrace within the will, every kind and parcel of his estate, and to name and provide for (so far as he meant to benefit

them) all his descendants, being all the persons who would have taken under an intestacy. This evidence of the testator's intent gathered from the general scope of the will, is strongly confirmed by the two clauses disposing of his real estate considered together, the first and fourth items of it. The first clause devises the lot in controversy, to Benjamin Black in tail with remainder to May. The fourth devises his other lands to David Black in tail with like remainder to May. Now, the language of the fourth clause strongly implies that the small lot before devised to Benjamin Black and May, had been fully disposed of by the first clause, so as to carry all the testator's estate in it. Such is the natural sense of the words of the fourth clause : " I give and bequeath to my son David Black all the lands that I have right to not heretofore disposed of &c. " But in addition to the force of these words, as evidence that the testator intended in the first clause to dispose of his whole estate in the lot,. there is another consideration. It is most certain that the testator meant to leave no real estate intestate to descend among his heirs at law ; but that it should all pass, first to the descendants bearing his own name, the Blacks, and after them to May. The fourth clause was drawn as a residuary devise of all his real estate ; and if its phraseology does not aptly apply to a partial estate in the land before devised, this is only because no such estate in the land before devised, was thought to have been left undisposed of. Now, the consideration to which we refer, and it is one of much force, is this,—that for the testator to leave under the first clause an undisposed of remainder after a life estate in George May, to pass as part of the residue of his real estate under the fourth clause, (which according to his plain purpose in the disposal of his real estate it must do) would involve a result too absurd for a sound mind to have intended. The effect would be that an undisposed of remainder to take effect upon George May's death, is expressly so limited that the property would return to him long after his death, and after an intermediate estate tail

in David Black, to be again held by May during his life; and then too, after all this manifest effort to dispose by will of a three acre lot, there would at last be a remainder intestate.

We do not decide that a testator's intention to dispose of his whole estate thus collected from his will, should be executed by raising a fee in a case where he has failed to use any words capable by construction of passing the fee. Such was *Denn v. Gaskin, Cowp.* 657, a leading case of that class, but were such the case here, we could only say, as did Lord Mansfield there, *quod volu·t, non dixit.* Except in a few special cases of estates in fee, arising by implication from provisions in the will which cannot receive effect without the fee, some expressions descriptive of the estate given, tantamount to words of limitation, have been held to be necessary; and such is the weight of authority, though some decisions have overstepped this limit, as *Bates v. Clayton,* 8 *East* 141, and *Corry v. Adams,* 1 *Harr.* 439. Again, we do not decide that such an intention collected at large from the will, should be carried into effect in the face of an express limitation for life. But this testator has employed words, which, even if they do not necessarily import a devise in fee simple, may, at least, bear that construction,—a construction which certainly does no violence to the text, and perhaps, is really the most natural one. Let us examine the words. The direction is that the premises in a certain event " shall be the right and property of George May." This implies more than do the terms of a general devise, such as " I give a lot &c." The words " right and property " are here used to measure or describe the estate given; as if it were said, " I give all that lot &c. to be the right and property of George May,"—or "to George May to be his right and property"—"Right" and "property," it is true, are words which in the mind of a lawyer, apply to an estate of any quantity, inheritable or for life, or even, to a less estate; but outside of the bar, they are commonly used, and especially the word " property," to express the absolute

ownership, and to the popular understanding they carry that idea.   In this very will in the fourth clause the word "right" is used as descriptive of the testator's entire estate in the lands there devised.   An unprofessional draftsman ignorant of the technical words for limiting a fee simple, might naturally lay hold of such expressions.   Such was the writer. of this will.   His mode of using the word "heirs," in both the first and fourth clauses, shews that he supposed it to include only descendants ; while his studious selection and use in both clauses, of the phrase "right and property," to describe the estate limited over, is an evident labor after expressions to carry a larger estate than those first limited, the estates tail.

Thus it is clear to the Court from the context and. the general scope of the will that the words of this devise were used by the testator with an intent to pass the fee simple ; and, therefore, we must so construe them.   No rules of law are plainer or better settled than those which govern this whole subject.   In wills technical terms are not required—words of inheritance are not essential in order to pass a fee simple.   Any language, however informal, will be sufficient, if used with a clear intent to pass the fee.   In construing the words used, *prima facie* technical terms will be held to bear their legal sense, and popular expressions will be taken in their ordinary acceptation; but this presumption rests upon the supposed intention of the testator so to use them.   His real meaning is open to be explained by anything apparent on the face of the will, and the sense, thus ascertained, in which a testator has employed the words or expressions, must prevail, if the operation to be given them is consistent with the rules of law.   This is the result of the whole course of decisions. They are collected in the text books and need not be cited.